# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NANCY JO GRUETTNER,**

    **Plaintiff,**

    **v.**      Case No. 17-CV-799

**ANDREW SAUL,**
**Commissioner of Social Security,**

    **Defendant.**

## DECISION AND ORDER APPROVING AN AWARD OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

On August 24, 2018, I reversed the Social Security Commissioner's decision denying Nancy Jo Gruettner's application for a period of disability and disability insurance benefits, as well as disabled widow's benefits, and remanded the case for further proceedings pursuant to 42 U.S.C. § 405(g), sentence four. (Docket # 20.) I granted Gruettner's request for attorney's fees under the Equal Access to Justice Act ("EAJA") on December 17, 2018 and awarded $9,737.57. (Docket # 23.) On remand, Gruettner appeared before an Administrative Law Judge who approved her claim for disability insurance benefits and disabled widow's benefits. (Docket # 24 at 1.) The Social Security Administration issued two Notice of Award letters dated May 21, 2019. The Administration indicated that Gruettner was entitled to $72,488.50 in past-due benefits for her disability insurance claim (Docket # 24-1 at 3) and was entitled to $16,836.00 in past-due benefits for her disabled widow's claim (Docket # 24-2 at 2).

Gruettner agreed to pay her attorney 25% of her past-due benefits award. (Docket # 24-3.) The Administration withheld $18,122.12 from her past-due disability insurance benefits and used

$6,000.00 to pay an authorized fee. (Docket # 24-1 at 4.) The Administration continues to withhold $12,122.12 "in case your representative asks the Federal Court to approve a fee for services before the court." (*Id.*) The Administration further indicated that it withheld $4,209.00 from Gruettner's past-due widow's benefits. (Docket # 24-2 at 3.)

Gruettner's counsel, Attorney Barry Schultz, requests $22,331.12 in past-due benefits, representing 25% of Gruettner's total past-due benefits. (25% of $89,324.50 = $22,331.12). Attorney Schultz represents that if Gruettner is awarded fees under § 406(b), she will be refunded the $9,737.57 he was awarded in EAJA fees. (Docket # 24 at 2.) Attorney Schultz represents that he did not receive fees for representation in the administrative proceedings. (*Id.*)

The Commissioner responds that he does not object to the $22,331.12 requested by plaintiff's counsel; specifically because Attorney Schultz represented that he did not receive any fee for work before the Commissioner. (Docket # 26.) The Commissioner noted, however, that if the Administration pays Attorney Schultz's firm an administrative fee by the time the § 406(b) payment is processed, the payment to Attorney Schultz will be reduced accordingly. (*Id.*)

Although the issue may not arise as Attorney Schultz represents that he was not paid fees for work before the Commissioner, the Commissioner cannot reduce Attorney Schultz's § 406(b) fees by any administrative award. An attorney who succeeds in obtaining benefits for a social security claimant may recover fees pursuant to 42 U.S.C. § 406. Section 406(a) governs fees for representation in administrative proceedings before the Social Security Administration; § 406(b) controls fees for representation in federal court. *Kopulos v. Barnhart*, 318 F. Supp. 2d 657, 660 (N.D. Ill. 2004) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Such fees are deducted from the claimant's retroactive benefits; they do not constitute an award against the government. *Id.* When a fee

agreement is present, § 406(a) fees are capped at the lesser of 25% of the total amount of past-due benefits or $6,000.00. *Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019). Section 406(b) fees are capped at 25% of past-due benefits. *Id.* at 520–21. Both fees are paid from a claimant's past-due benefits, and as the Supreme Court recently noted in *Culbertson*, the agency withholds a single pool of 25% of past-due benefits for direct payment of agency and court fees. 139 S. Ct. at 523. However, the *Culbertson* Court clarified that despite the agency withholding a single pool of money to pay both fees, § 406(a) and § 406(b) contain separate caps on fees for each type of representation and authorizes two pools of withheld benefits. *Id.* ("The agency's choice to withhold only one pool of 25% of past-due benefits does not alter the statutory text, which differentiates between agency representation in § 406(a) and court representation in § 406(b), contains separate caps on fees for each type of representation, and authorizes two pools of withheld benefits.").

In Gruettner's case, the Administration states that it withheld $6,000.00 from her past-due benefits to pay her representative, and in fact used the $6,000.00 to pay "an authorized fee." (Docket # 24-1 at 4.) Assuming the "authorized fee" of $6,000.00 represents fees paid under § 406(a), pursuant to *Culbertson*, it would be improper for the Commissioner to reduce Gruettner's § 406(b) fee by any § 406(a) fee awarded. While the Commissioner states that it is "withholding a total of $22,331.13 for payment of both fees," meaning both administrative and court fees (Docket # 26), *Culbertson* makes clear that the 25% cap from § 406(b) does not impose a 25% cap on aggregate fees. 139 S. Ct. at 519. The *Culbertson* Court found that the agency's policy of withholding a single pool of 25% of past-due benefits for direct payment of agency and court fees does not alter the fact that the statutory text contains separate caps for each type of representation. *Id.* at 523. Thus, if the

Commissioner attempts to deduct administrative fees under § 406(a) from Attorney Schultz's § 406(b) award, this is improper.

However, if the attorney previously obtained fees from the government under the EAJA for work performed in court, such award offsets the allowable fee under § 406(b). *Kopulos*, 318 F. Supp. 2d at 664; *see also Hanrahan v. Shalala*, 831 F. Supp. 1440, 1452 (E.D. Wis. 1993) (stating that "when attorney's fees are awarded under both the SSA and the EAJA for the same services, an attorney is entitled to keep the larger fee but must return the smaller fee to the claimant").

The court must approve any fee under § 406(b). Congress intended such review not to override the claimant and counsel's fee arrangement but rather to act as an "independent check" to ensure that the arrangement yielded a reasonable result in the particular case. *Gisbrecht*, 535 U.S. at 807. "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. *Id.* In making this determination, the court may consider the character of the representation and the results obtained, reducing an award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case that the fee would constitute a windfall to the attorney. *Id.* at 808.

As noted above, plaintiff entered into a 25% contingency fee agreement with counsel. (Docket # 24-3.) Twenty-five percent of her total past due benefits equals $22,331.12. Counsel has also been awarded $9,737.57 in EAJA fees. While counsel seeks an award of $22,331.12, consistent with his twenty-five percent contingency fee agreement, he states that he will remit the previously awarded

EAJA fee of $9,737.57 to Gruettner. (Docket # 24 at 2.) Thus, counsel has met the "one boundary line" of requesting a fee that does not exceed twenty-five percent of the past-due benefits.

However, within the twenty-five percent boundary, counsel must still show that the fee sought is reasonable. Counsel contends that the requested fee is reasonable for the 48.5 hours of legal work spent in this case. (Docket # 24-4.) He further argues that he has substantial experience in handling disability claims in federal court and he works almost exclusively on Social Security disability cases. (Docket # 24 at 3.) Finally, counsel notes that he achieved a fully favorable result, with Gruettner receiving over $85,000.00 in past-due benefits. (*Id.*)

Pursuant to *Gisbrecht*, I find the requested fee is reasonable. Counsel obtained a fully favorable result for Gruettner, who was awarded both disability insurance benefits and disabled widow's benefits and was awarded a substantial amount of past-due benefits ($89,324.50). I further find the fee does not constitute a windfall to the attorney. The amount sought by counsel under § 406(b) is within the 25% permitted by law and provided for in the fee agreement. The fee of $22,331.12 for 48.5 hours of work equates to an hourly fee of approximately $460/hour, and this is well within the realm of reasonable fees approved by the courts in this circuit. *See Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D.Wis. 2007) (approving hourly rate of $580.67 per hour for 38.80 hours of work); *Stemper v. Astrue*, No. 04-CV-838, 2008 WL 2810589, *1 (W.D. Wis. July 14, 2008) (approving rate hourly rate of $666 per hour); *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, *3 (N.D. Ill. Nov. 22, 2002) (approving hourly rate of approximately $393.00 per hour for 53.90 hours of work).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) is hereby **GRANTED**. Attorney Barry Schultz is awarded fees in the amount of $22,331.12.

**IT IS FURTHER ORDERED** that upon receipt of this sum, Attorney Schultz is directed to refund $9,737.57, representing fees that were previously awarded under the EAJA, directly to Gruettner.

Dated at Milwaukee, Wisconsin this 19th day of June, 2019.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge